```
FILED
Jul 19 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                       DEPUTY
```

1 ROBERT STEVENS
2 387 Corona St., Suite 555
  Denver, CO 80218
3 Tel: (702) 360-3500
  Fax: (702) 360-3515
4 Email: robert@somerset.vc

5 ROBERT STEVENS, PRO SE PLAINTIFF

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEVENS | Case No.: **'18CV1643 WQHMDD** |
| Plaintiff(s), | **COMPLAINT FOR DAMAGES** |
| vs. | **DEMAND FOR JURY TRIAL** |
| APPTECH CORP, LUKE D'ANGELO, and TRANSFER ONLINE, INC, AND DOES 1-10, | |
| Defendant(s). | |

By Fax

### JURISDICTION

1. Plaintiff brings this complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

### VENUE

2. Venue is proper pursuant to 28 U.S.C. 1332 due to the party's diverse citizenship.

- 1 -
COMPLAINT FOR DAMAGES

## PARTIES

3. Plaintiff is an individual resident of the state of Colorado.

4. AppTech Corp is a Wyoming corporation doing business in Carlsbad, CA of San Diego County.

5. Luke D'Angelo, is an individual residing in San Diego County and Chairman of the Board of Directors and Executive Director of AppTech Corp.

6. Transfer Online, Inc. is a securities transfer agent registered with the United States Securities and Exchange Commission ("SEC") under 17 CFR 240.17A(c), and registered Oregon corporation doing business in Portland, Oregon.

## FACTUAL BACKGROUND

7. The executives of APPTECH CORP, (the "Company") including Defendant, Luke D' Angelo (together herein addressed as the "Defendants") engaged in a nefarious scheme to defraud Mr. Stevens, "Plaintiff", of his rightfully earned compensation. In fact, on July 13, 2016, the Defendants purposely engaged Plaintiff's services on behalf of the Company by executing a Board of Director's Agreement ("BOD Agreement") (see Exhibit A) the terms of which offered consideration of 300,000 restricted stock units as compensation for Plaintiff's expertise and services.

8. The terms of the BOD Agreement called for the issuance of 300,000 shares of the Company's restricted stock, subject to a right of forfeiture of 25,000 shares on a monthly basis over the 12 months in the event that Plaintiff ceases to be a member of the board of directors for APPTECH CORP. Plaintiff only served for 8 months, and thereby is entitled to 200,000 shares as full compensation for services rendered. (See Exhibit B).

9. For resales of restricted shares pursuant to the exemption provided in Section 4(a)(1) of the Securities Act of 1933 (15 U.S.C. §77d(a)(1)), ("Section 4(a)(1)"), shares must be held for a year before being converted to free-trading shares. After the mandatory holding period had expired Plaintiff submitted a notice of

conversion together with all required ancillary documentation including a legal opinion, (See Exhibit "C") to the Company's transfer agent, Transfer Online, Inc. ("TOL").

10  Plaintiff's shares were refused and returned without removal of the restriction. Instead, TOL knowingly acted in concert with the Defendants to defraud Plaintiff of his rightfully earned compensation and continually declined to process the conversion of shares.

## FIRST CLAIM FOR RELIEF
## BAD FAITH

11. Plaintiff repeats, realleges and incorporates herein all of the allegations set forth in the preceding paragraphs.

12. Bad Faith is the; 1) n. intentional dishonest act by not fulfilling legal or contractual obligations, misleading another, entering into an agreement without the intention or means to fulfill it, or violating basic standards of honesty in dealing with others. Most states recognize what is called "implied covenant of good faith and fair dealing" which is breached by acts of bad faith, for which a lawsuit may be brought (file) for the breach (just as one might sue for breach of contract). The question of bad faith may be raised as a defense to a suit on a contract 2) adj. when there is bad faith then a transaction is called a "bad faith" contract or "bad faith" offer. (See: good faith, fraud, clean hands doctrine) Copyright ©1981-2005 by Gerald N. Hill and Kathleen T. Hill All Right reserved.

13. Defendants did knowingly engage the services of Plaintiff on behalf of the Company (See Exhibit A). At all times relevant to the Plaintiff's performance of the duties outlined in the terms of the agreement, Defendants were aware of the required compensation and no amount of the compensation was in dispute.

14. Defendants knew the holding period would expire and Plaintiff would be entitled to convert the shares at his discretion and trade them in the open market. Defendants knew or should have known that by, not allowing or otherwise

authorizing the processing of the conversion, the restricted shares in Plaintiff's possession could not be traded and Plaintiff would not receive his due compensation.

15. Defendants acted in bad faith by hindering and obstructing the process of conversion. Further, Defendants actions could only be construed as intentional and not a mistake due to the Defendants participation in the Board of Director's Agreement and the numerous times Mr. Steven's submitted his request for conversion and was consistently denied.

16. As a result of the Defendant's actions of bad faith Plaintiff was effectively forestalled from receiving his due compensation and suffered financial losses of approximately $700,000.

17 Plaintiff therefore demands restitution and judgment against Defendants in an amount to be determined at trial, together with interest, attorney's fees, and the costs of this action.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT

18 Plaintiff repeats, realleges and incorporates herein by references all of the allegations in the preceding paragraphs.

19. Defendants and TOL have wrongfully withheld and continues to withhold the Plaintiff's right to access and receive his due compensation.

20. Defendants and TOL have not provided any accounting for and/or pay to the Plaintiff equitable to the value of his due compensation.

21 As of result of the Defendants' and TOL's wrongful acts and omissions, Defendants have been unjustly enriched to the detriment of Plaintiff.

22 Plaintiff therefore demands restitution and judgment against Defendants in an amount to be determined at trial, together with interest, attorney's fees, and the costs of this action.

COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF

## VIOLATION OF WY STAT §31.1-8-401, ORS §78.401 AND CA COM § 8401

23. Plaintiff realleges and incorporates herein by reference all of the allegations in the preceding paragraphs.

24. When a Corporation issues shares of its stock displaying a restrictive legend, the shareholder must request the issuance of a replacement certificate with the legend removed before the shares can be freely traded in the market.

25 The subject shares were issued by the Defendants as "Restricted Securities" as defined under Rule 144 of the Securities Act with the following restrictive legend. (See Exhibit B).

26. Pursuant to the exemption provided under Section 4(a)(1), the shares had a 12-month holding period and then must be submitted to the Company's transfer agent for conversion.

27. Pursuant to WY Stat §31.18-401(b); ORS §78.401(b) and CA COM §8401(b)

> "If an issuer is under a duty to register a transfer of a security, the issuer is liable to a person presenting a certificated security or an instruction for registration or to the person's principal for loss resulting from unreasonable delay in registration or failure or refusal to register the transfer."

21. Plaintiff suffered and continues to suffer unreasonable delay in registration of certificates issued from the Defendants.

22. Defendants negligently abandoned their duty to register a security in clear violation of the foregoing statutes and therefore must be liable to Plaintiff.

COMPLAINT FOR DAMAGES

23. TOL's actions were in concert with the Defendants and actively worked to forestall attempts and converting the Plaintiff's shares and can only be concluded to be liable as well.

24. Wherefore for all of the foregoing actions described herein by the Defendants including TOL, the Plaintiff demands judgment against the Defendants;

## FOURTH CLAIM FOR RELIEF

## REJECTING THE RIGHTS OF A PROTECTED PURCHASER

25. Plaintiff repeats and realleges and incorporates herein by reference all of the allegations in the preceding paragraphs.

26. Pursuant to UCC §8-303 a "Protected Purchaser" is defined as a purchase of a certificated or uncertificated security, or of an interest therein, who: (1) gives value; (2) does not have notice of any adverse claim to the security; and (3) obtains control of the certificated or uncertificated security.

27. Plaintiff provided value on behalf the Company for the Defendants and was issued a certificated security for which he controls;

28. Plaintiff's status as a protected purchaser was rejected and he was denied his due compensation. The Defendant's are liable to restore the rights of the Plaintiff's purchase including its value of at least $700,000.

## PRAYER FOR RELIEF

29. Wherefore for all of the foregoing actions described herein by the Defendants, the Plaintiff prays that this court:

1. Assume jurisdiction of this case.
2. Award actual damages of an amount to be established at trial.
3. Award statutory damages in the amount at least $700,000 to the Plaintiff.
4. Award all Plaintiff costs and reasonable attorney's fees.
5. Award all compensatory, and/or punitive damages as may be authorized under all of the foregoing causes of action.

6. Award such other relief as this Honorable Court deems appropriate.

Dated this 19th day of July, 2018

*Robert Stevens*

Pro Se Plaintiff Robert Stevens
Email: robert@somerset.vc

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury as to all of plaintiff's claims for relief.

Dated this 19th day of July, 2018

*Robert Stevens*

Pro Se Plaintiff Robert Stevens
Email: robert@somerset.vc

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS102540
Cashier ID: cdelgado
Transaction Date: 07/19/2018
Payer Name: ROBERT STEVENS
------------------------------------
CIVIL FILING FEE
 For: ROBERT STEVENS
 Case/Party: D-CAS-3-18-CV-001643-001
 Amount:      $400.00
------------------------------------
CHECK
 Check/Money Order Num: 125926
 Amt Tendered: $400.00
------------------------------------
Total Due:       $400.00
Total Tendered:  $400.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.
```